IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| CHONGHUN KIM, ) | Case Number 318-07554 |
| ) | |
| Debtor. ) | |
| ) | |
| CHONGHUN KIM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN TENNYSON ) | |
| ) | |
| Respondent. ) | |

**MOTION FOR REVIEW OF ATTORNEY'S FEES AND FOR DISGORGEMENT AND ASSESSMENT OF CIVIL PENALTIES, IF APPROPRIATE**

CHONGHUN KIM, the Debtor, by counsel, moves the Court pursuant to §§ 105 and 329 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2017 to review the fee charged by the Debtor's counsel, John Tennyson (TN BPR 32777). In support of this motion, the Debtor respectfully states as follows:

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the motion are §§ 105 and 329 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409

Mr. Tennyson filed the Debtor's case on November 9, 2018. Mr. Tennyson was representing the Debtor in a divorce proceeding, potentially a criminal proceedings, and of course, counsel of record in this bankruptcy case.

2. The required schedules and statements were not filed with the voluntary petition. The petition was filed as a skeleton and failed to list even the rudimentary information regarding the Debtor. Additionally, Mr. Tennyson failed to comply with FRBP 2016 disclosing all of his financial dealings and representations with the Debtor.

3. Mr. Tennyson was not a disinterested person as defined by Section 101(13) of the

Bankruptcy Code (11 USC 101(13). Further, Mr. Tennyson is a Debt Relief Agency as defined by Section 101(13) of the Bankruptcy Code (11 USC 101(12A).

4. The creditor's meeting was scheduled for December 27, 2018. No notice of this meeting was scheduled for December 27, 2018. Upon information and belief, no notice of this meeting was sent to any creditor or party in interest other than the United States Trustee and the Chapter 13 Trustee, as well as the Debtor and his counsel.

5. Based on Debtor's statements and schedules, Mr. Tennyson met with the Debtor regarding his bankruptcy filing in July 2018; accepted payment for his services by credit card; and had the Debtor sign a skeleton petition on August 1, 2018, more than two (2) months before the actual case was filed with this Court. As further evidence of this unreasonable delay, the Debtor was instructed to take his credit briefing course on or about July 19, 2018.

6. After the filing of the Debtor's Chapter 13 proceeding, Mr. Tennyson was made aware that the Debtor had a purchaser for his home. For unexplained reasons, Mr. Tennyson declined to file a notice for sale with this Court. In order to accommodate a sale of the real estate, the Debtor felt that his only recourse was to voluntarily dismiss his Chapter 13 since Mr. Tennyson would take no action on this request.

7. Mr. Tennyson in the year preceding the Chapter 13 filing by the Debtor had been paid approximately $40,000.00 for various forms of representation, much of which had been charged on the Debtor's credit cards. These transactions were never disclosed to the Court by Mr. Tennyson.

8. As of the date of this Motion the Debtor nor Mr. Tennyson has not amended the statements and schedules and related documents.

9. The Disclosure of Compensation of Attorney for Debtor was not filed with this Court.

10. Since Mr. Tennyson is a Debt Relief Agency, the Debtor is an assisted person as defined by Section 101(3) of the Bankruptcy Code (11 USC 101(3). As such, Mr. Tennyson was

bound to comply with the provisions of Sections 526, 527, and 528 in each of these cases. Yet, in each of these cases Mr. Tennyson failed to perform services to these assisted persons that it informed them it would provide. 11. U.S.C. § 526(a)(1).

Further, Mr. Tennyson did not comply with 11 U.S.C. § 526(c)(2) which provides that:

> Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have—
> (A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person;
> (B) provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in section 521; or
> (C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

12. Filing an inaccurate, incomplete, or false Rule 2016 Disclosure violates both Bankruptcy Rule 2016 and § 329(a). *In re Bradley*, 2013 WL 3753559 *31 (Bankr. S.D. Tex.); *See In re Johnson,* 411 B.R. 296, 300 (Bankr. E.D. La. 2008); *In re Zuniga,* 332 B.R. 760, 783 (Bankr. S.D. Tex.2005); *In re Wright,* 290 B.R. 145, 155–56 (Bankr. C.D. Cal. 2003).

13. The Court has an obligation to review attorney fees under § 329(b) and Rule 2017 and may order fee disgorgement or other relief when "the petition and schedules filed on behalf of the debtor contain discrepancies, omissions, and inaccuracies . . . ." *In re Molina*, 2009 WL 5062395 *2 (Bankr. E.D. Va.). *See also Goodbar v. Beskin*, 2013 WL 1249124 *6 (W.D. Va.) (Judge Urbanski) ("Section 329(b) reflects a bankruptcy court's duty to carefully review the compensation paid to the debtor's attorney."); *In re Ohpark*, 2010 WL 1930187 *2 (Bankr. E.D. Va.) (Ordering disclosure of 2/3rds of the attorney's fee for failure to disclose prior filing).

WHEREFORE, the Debtor, by counsel, moves the Court to review the attorney's fees charged the Debtor, seek disgorgement if appropriate and assessment of civil penalties and for such other and further relief as may be just. The disgorgement would include all fees paid to Mr. Tennyson by the Debtor.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

**/S/ STEVEN L. LEFKOVITZ**
Steven L. Lefkovitz, No. 5953
Attorney for Debtor
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
Email: slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and exact copy of the foregoing to the United States Trustee and all other parties of record to receive notice electronically via the United States Bankruptcy Court's CM/ECF system, this 3rd day of December, 2018.

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz